039620/01245/MHW/JFM

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORMAN JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>GHALIA OBAISI as the Independent Executor of the Estate of Saleh Obaisi, M.D. (deceased) and WEXFORD HEALTH SOURCES, INC.,<br><br>        Defendants. | Case Number 14-cv-10117<br><br>Judge Edmond E. Chang |

## **DEFENDANTS' FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, GHALIA OBAISI as the Independent Executor of the Estate of Saleh Obaisi, M.D. and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P. 56 Motion for Summary Judgment, state as follows:

1. Jurisdiction is proper because this lawsuit involves claims made under 42 U.S.C. § 1983. *See* Defendants' Statement of Facts ("SOF"), ¶ 1. Venue is proper because the actions giving rise to the litigation occurred at Stateville Correctional Center which is located in the Northern District of Illinois. (SOF at ¶ 1).

2. Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-

moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

3. In order to prevail on a Section 1983 claim, the Plaintiff must show that Dr. Obaisi acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The burden of proof rests on the Plaintiff. *Id.* The United States Supreme Court has articulated a three-part test for proving deliberate indifference. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Negligence, gross negligence, or even tortious recklessness is not enough. *Id*. Unsuccessful medical treatment, neglect, nor medical malpractice is sufficient to support a claim for deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

4. In order to defeat this Motion, Plaintiff must first prove the existence of an objective, serious medical need. *Estelle,* 429 U.S. at 107; *Sellers,* 41 F.3d at 1102; *Vance,* 97 F.3d at 991. As the Seventh Circuit has held, not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997); *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (explaining that "minor aches and pains" do not rise to the level of a serious medical condition).

5. Here, as to the lipoma, medical imaging confirmed that the lipoma's position in the fat layer of the Plaintiff's skin, as opposed to muscle-layer or fascia, should not cause pain. (SOF at ¶ 76). Multiple times, the lipoma was found to be non-tender, meaning that it did not

cause pain when touched. *See e.g.,* (SOF at ¶ 54) ("nontender to touch"). As to any of the Plaintiff's unsupported claims that the lipoma was causing headaches, that claim was medically-disproven. (SOF at ¶ 76). Likewise, physical examinations and imaging confirmed that this particular lipoma had none of the characteristics that would suggest it was cancerous such as poor encapsulation or infiltration into surrounding tissue. *See* (SOF at ¶ 75) (CT image results confirming a well-encapsulated lipoma with no signs of infiltration).

6. As to the varicocele, at the outset, Dr. Crivellaro, the UIC urologist, termed the Plaintiff's varicocele "clinically nonsignificant." (SOF at ¶ 52). Plaintiff faces an uphill battle to show that a condition that an independent treating physician termed "clinically nonsignificant" rises to the level of an "objectively serious medical need." *See Cooper*, 97 F.3d at 916 (explaining that "minor aches and pains" do not rise to the level of a serious medical condition). However, even if a "clinically nonsignificant" condition rose to the level of a constitutional concern, it is unclear how it harmed the Plaintiff. After all, the Plaintiff told Dr. Crivellaro, the UIC urologist, that the varicocele only caused "intermittent pain." (SOF at ¶ 51). In fact, on objective physical examination, UIC Urologist Dr. Crivellaro found that when he palpated (touched) the varicocele, the Plaintiff reported no pain at all. (SOF at ¶ 51).

7. The second element of a deliberate indifference claim – subjective notice – requires that "[a] plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016). For the Plaintiff's claim to succeed, he must establish that Dr. Obaisi knew that the treatment being offered to the Plaintiff was ineffective; and yet, continued pursuing that course of treatment. *See Petties*, 836 F.3d at 728. Here, Dr. Obaisi was a board-certified general surgeon. (SOF at ¶ 3). He treated lipomas in his past. (SOF at ¶ 3). He knew exactly what he was looking for in

3

deciding when to elevate a lipoma for surgical consultation, and Dr. Obaisi confirmed his diagnosis through a CT imaging study. (SOF at ¶ 62). Interestingly, board-certified general surgeon Dr. Dennis testified that if this was his patient, he would not even have ordered the CT scan, so Dr. Obaisi was being extra-cautious in ordering medical imaging to confirm Dr. Obaisi's objective physical findings regarding the lipoma. (SOF at ¶¶ 74-75). As to the varicocele, Dr. Obaisi, again, ordered medical imaging, this time an ultrasound study, to confirm his objective physical findings. (SOF at ¶ 43). He then sent the Plaintiff out to a UIC urologist who opined that the Plaintiff's varicocele was a "clinically non-significant" finding and that no additional treatment was required. (SOF at ¶ 52).

8. The third element of a deliberate indifference claim is that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle,* 429 U.S. at 107. In order to infer the required culpability for the serious claim of deliberate indifference based on a medical professional's care, the medical professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A medical professional is "entitled to deference in treatment decisions unless no minimally competent medical professional would have so responded under these circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

9. This case represents a classic dispute about medical judgment. The Plaintiff, very clearly, believes that he needs surgery for both his varicocele and his lipoma. However, there can be no dispute that the Plaintiff has received *some* treatment for both conditions (medical imaging, medications, medical equipment, and consultations). Moreover, the Plaintiff can only prevail on his culpability showing if he can demonstrate to the Court that no other "minimally

4

competent medical professional would have responded under these circumstances." *Sain*, 512 F.3d at 894-95. As to the varicocele, Urologist Dr. Crivellaro and Urologist Dr. Guthman both confirmed that surgery was not indicated and that conservative treatment measures put in place by Dr. Obaisi (pain medication and scrotal support) were the appropriate response to the Plaintiff's varicocele-related complaints. (SOF at ¶¶ 51-52, 68). As to the lipoma, Dr. Dennis, a general surgeon who has performed over 500 lipoma surgeries, supported Dr. Obaisi's care, confirmed that surgery was not appropriate, and testified that if this was his patient, he would have actually ordered even less treatment than Dr. Obaisi did for this particular patient's lipoma. (SOF at ¶ 74; 77).

10. The Plaintiff has failed to prove his claim against Wexford Health Sources, Inc. Private corporations acting under color of state law, like municipalities, may be held liable for injuries resulting from unconstitutional policies or practices. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). In order to recover against a corporate defendant under § 1983, a plaintiff must make two showings. First, the Plaintiff must show that an unconstitutional policy or widespread practice exists, and second, the Plaintiff must show that deliberate indifference occurred because of that unconstitutional policy or widespread practice. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). However, <u>the Plaintiff has not produced or cited to a single Wexford policy from which he can claim that Wexford maintains an unconstitutional policy</u>. In fact, quite the opposite, numerous witnesses testified that Wexford does not consider cost in their medical treatment decisions. *See* (SOF at ¶ 27) (Dr. Ritz confirming that Wexford's collegial review discussions do not consider cost, and Dr. Obaisi confirming that he does not consider cost in any of his treatment decisions or recommendations).

11.     <u>Second, the Plaintiff has produced no evidence of how other inmates were treated in order to support a "widespread practice" showing</u>.  Conclusory, factually unsupported allegations about the experience of other inmates are not a sufficient basis to prove *Monell* liability against Wexford.  *Haywood v. Wexford Health Sources, Inc.,* No. 16-cv-3566, 2017 U.S. Dist. LEXIS 28416, * 11 (N.D. Ill. Mar. 1, 2017).  Here, the Plaintiff has no evidence of how other inmates were treated.

12.     Finally, even if the Plaintiff actually pled a *Monell* claim - which he did not - Plaintiff's claim against Wexford would still fail because he cannot establish underlying deliberate indifference against the individual defendant, Dr. Obaisi, for the reasons stated above. *See Pyles v. Fahim,* 771 F.3d 403, 412 (7th Cir. 2014) (holding that Wexford was not liable for damages because there was no underlying constitutional violation); *Smith v. Wexford Health Sources, Inc.*, No. 15-C-3730, 2017 U.S. Dist. LEXIS 187760, * 21, 2017 WL 5464367 (N.D. Ill. Nov. 14, 2017) (noting that one additional basis for denying a *Monell* claim against Wexford would have been the "lack of deliberate indifference by the individual defendants").

13.     Last, the Plaintiff claims punitive damages; however, he has not proven any set of facts that would allow him to recover punitive damages.  Punitive damages may be awarded under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Schaub v. VonWald*, 638 F.3d 905, 922-23 (8th Cir. 2011).  Dr. Obaisi testified that he never intended to cause the Plaintiff any harm, and that he only desired the best possible medical outcome for the Plaintiff.  (SOF at ¶ 80).  Therefore, even if this Court finds that there is a question of fact as to the Plaintiff's deliberate indifference claim, it should still find that the Plaintiff will be unable to recover punitive damages, and grant Summary Judgment on this issue.

6

14. Concurrent with the filing of this Motion for Summary Judgment, the Defendants have filed a Local Rule 56.1 Statement of Facts and Memorandum of Law, which are incorporated herein.

## **CONCLUSION**

WHEREFORE, Defendants, GHALIA OBAISI as the Independent Executor of the Estate of Saleh Obaisi, M.D. and WEXFORD HEALTH SOURCES, INC., pray that this Honorable Court enter an Order granting Summary Judgment in their favor, dismissing the case with prejudice against Plaintiff, awarding fees and costs, and for any other relief deemed just.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC. and
GHALIA OBAISI as the Independent Executor of
the Estate of SALEH OBAISI, M.D. (deceased)

By: /s/ James F. Maruna
  Matthew H. Weller / ARDC No. 6278685
  James F. Maruna / ARDC No. 6313433
  CASSIDAY SCHADE, LLP
  20 N. Wacker Drive, Suite 1000
  Chicago, IL 60606
  (312) 641-3100
  (312) 444-1669 - Fax
  mweller@cassiday.com
  jmaruna@cassiday.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2018, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna

9026351 JMARUNA;JMARUNA